# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS,<br><br>           Plaintiff,<br><br>     v.<br><br>KAMALA HARRIS, et al.,<br><br>           Defendants. | CASE NO: 1:11-cv-01956-LJO-GBC (PC)<br><br>ORDER DENYING PLAINTIFF MOTION TO PROCEED IFP PURSUANT SECTION 1915(g) AND DISMISSING ACTION WITHOUT PREJUDICE<br><br>Doc. 1; Doc. 2 |

**I.     Procedural History**

Plaintiff Keith Thomas, is a state prisoner proceeding pro se. On November 28, 2011, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 and motioned to proceed IFP. Doc. 1; Doc. 2.

**II.    Three Strikes**

A review of the record of actions and appeals filed by Plaintiff in the United States District Court reveals that Plaintiff filed over one hundred and fifty actions and appeals and has three or more actions and appeals that were dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted. Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1] Determining whether Plaintiff's actions count as strikes under section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

The Court takes judicial notice of Plaintiff's lengthy litigation history which includes filing over one hundred and fifty actions and appeals within the Ninth Circuit. The Court takes judicial notice of the following cases which counts as strikes: *Thomas v. Garvin*, No. 1:99-cv-06339-AWI-DLB (E.D. Cal. Feb. 1, 2000 Findings & Recommendations ("F&Rs") re Dismissal for failing to state a claim [Doc. 15]); March 28, 2000 Order Dismissing Action [Doc. 20]) (strike one); *Thomas v. Nicholus, et al.*, No. 1:99-cv-06377-OWW-HGB (E.D. Cal. July 14, 2000 F&Rs re Dismissal for failing to state a claim [Doc. 16]; Oct. 11, 2000 Order Adopting F&Rs and Dismissing Case [Doc. 20]) (strike two); *Thomas v. Kim, et al.*, No. 1:99-cv-06553-AWI-HGB (E.D. Cal. May 10, 2000 F&Rs re Dismissal for failing to state a claim [Doc. 18]; Aug. 29, 2000 Order Dismissing Action [Doc. 23]) (strike three); *Thomas v. Gomez*, No. 1:99-cv-06662-REC-DLB (E.D. Cal. June 14, 2000 F&Rs re Dismissal for failure to state a claim [Doc. 18]; Oct. 12, 2000 Order Adopting F&Rs and Dismissing Action for Failure to State a Claim [Doc. 20]) (strike four); *Thomas v. Lopez*, No. 1:00-cv-05349-OWW-DLB (E.D. Cal. June 14, 2000 F&Rs re Dismissal for failure to state a claim [Doc. 11]; Dec. 20, 2000 Order Adopting F&Rs & Dismissing Action for failure to state a claim [Doc. 13]) (strike five); *Thomas v. Galaza*, Civil Case No. 1:00-cv-05348-OWW-LJO (E.D. Cal. Aug. 15, 2000 F&Rs re Dismissal for failure to state a claim [Doc. 21]; Nov. 14, 2000 Order Adopting F&Rs & Dismissing case for failure to state a claim [Doc. 23]) (strike six); *Thomas v. Galaza*, Civil Case No. 1:00-cv-05345-AWI-LJO (E.D. Cal. April 27, 2000 F&Rs re Dismissal as frivolous [Doc. 10]; June 23, 2000 Memorandum Opinion and Order Dismissing case for failure to state a claim and as frivolous [Doc. 12]) (strike seven); *Thomas v. Gomez*, Civil Case No. 1:00-cv-05497-AWI-DLB (E.D. Cal. June 14, 2000 F&Rs re dismissal for

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

2

failure to state a claim [Doc. 8]; Sept. 11, 2000 Order Adopting F&Rs & Dismissing case for failure to state a claim [Doc. 13]) (strike eight); *Thomas v. U.S. DEA, et al.*, Civil Case No. 3:09-cv-02916-W-CAB (S.D. Cal. April 13, 2010 Order Dismissing Second Amended Complaint for Failing to State a Claim per 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b) [Doc. 18]) (strike nine); *Thomas v. Regents of the University of California, et al.*, Civil Case No. 2:10-cv-04667-UA-PLA (C.D. Cal. July 12, 2010 Order denying leave to proceed IFP and dismissing case as frivolous, malicious, or for failing to state a claim [Doc. 3]) (strike ten); *Thomas v. Doe, et al.*, Civil Case No. 2:10-cv-06973-UAPLA (C.D. Cal. Oct. 4, 2010 Order denying IFP and dismissing case for lack of jurisdiction and as frivolous, malicious, or for failing to state a claim [Doc. 2]) (strike eleven); *Thomas v. King County Superior Court, et al.*, Civil Case No. 2:10-cv-07101-UA-PLA (C. D. Cal. Oct. 4, 2010 Order denying IFP and dismissing case for lack of jurisdiction and as frivolous, malicious, or for failing to state a claim [Doc. 2]) (strike twelve); *Thomas v. U.S. Attorney, et al.*, Civil Case No. 2:10-cv-07793-UA-PLA (C.D. Cal. Nov. 1, 2010 Order denying IFP and dismissing case for lack of jurisdiction and as frivolous, malicious, or for failing to state a claim [Doc. 2]) (strike thirteen); *Thomas v. U.S. District Court, et al.*, Civil Case No. 3:10-cv-02572-BEN-POR (S.D. Cal. Dec. 29, 2010 Order dismissing action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) [Doc. 3]) (strike fourteen); and *Thomas v. U.S. Attorney General, et al.*, Civil Case No. 2:11-cv-00571-UA-DUTY (C.D. Cal. Feb. 9, 2011 Order denying IFP and dismissing case as frivolous, malicious, or for failing to state a claim [Doc. 2]) (strike fifteen).

Plaintiff claims that he is in imminent danger from being denied the right to use marijuana to ease his disabling pain. Doc. 1 at 7. Plaintiff raised this issue before, was denied appeal and sought a petition of review which was dismissed as frivolous. *Thomas v. U.S. District Court*, No. 3:10-cv-2572-BEN, 2010 WL 5463095, at *1 (S.D. Cal. Dec. 29, 2010). Plaintiff cannot state an imminent danger claim as this claim is barred by claim preclusion (collateral estoppel). *Littlejohn v. United States*, 321 F.3d 915, 919-20 (9th Cir. 2003) ("Claim preclusion prevents the relitigation of claims previously tried and decided").

Plaintiff has three or more strikes and became subject to section 1915(g) well before Plaintiff filed this action on November 28, 2011. Moreover, Plaintiff fails to make a "plausible allegation"

that he faced imminent danger of serious physical injury at the time he filed his complaint and the Court finds that Plaintiff should be precluded from proceeding in forma pauperis. The Court finds that dismissal of Plaintiff's action is appropriate and Plaintiff can refile with full payment of the filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (finding that denial of in forma pauperis status under § 1915(g) mandated dismissal since a prisoner must pay the filing fee at the time of initiating the suit).

### III.   Conclusion

Based on the foregoing, the Court HEREBY ORDERS:

1. Plaintiff's motion to proceed in forma pauperis (Doc. 2) is DENIED pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff's imminent danger claim stemming from use of marijuana for pain relief is dismissed with prejudice as barred by claim preclusion.
3. This action is **DISMISSED** without prejudice (Doc. 1).

IT IS SO ORDERED.

Dated:   December 2, 2011                              /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE