1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   KEITH THOMAS                                    CASE NO: 1:11-cv-01956-LJO-GBC (PC)

10                          Plaintiff,              ORDER DENYING PLAINTIFF'S MOTION FOR
                                                    RECONSIDERATION
11          v.                                      (Doc. 7)

12   KAMALA HARRIS, et al.,

13
                            Defendants.
14   _____/

15   **I.     Procedural History**

16          Plaintiff Keith Thomas, is a state prisoner proceeding pro se.  On November 28, 2011,

17   Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 and motioned to proceed IFP.

18   Doc. 1; Doc. 2.  On December 2, 20122, the Court found that Plaintiff had three or more actions that

19   counted as strikes pursuant to 28 U.S.C. § 1915(g)[1], determined that Plaintiff could not state an

20   imminent danger claim that has previously been litigated and denied Plaintiff's action without

21   prejudice.  Doc. 5.  On January 24, 2012, Plaintiff filed a motion for reconsideration.  Doc. 7.

22   **II.    Plaintiff's Motion for Reconsideration**

23          Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

24   district court.  The Rule permits a district court to relieve a party from a final order or judgment on

25

26   _____

27       [1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals,
     brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious,
28   or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes
     or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken."  *Id.*

Motions to reconsider are committed to the discretion of the trial court.  *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988).  The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'"  *Corex Corp. v. United States*, 638 F.2d 119 (9th Cir. 1981); *accord  LaFarge Conseils et Etudes, S.A. v. Kaiser Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986).  Accordingly, "the clause is reserved for 'extraordinary circumstances.'"  *Id.*  When filing a motion for reconsideration,  Local Rule 230(j)(3) & (4) requires a party to show the "new or different facts or circumstances are claimed to exist which did not exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion."

In his motion for reconsideration, Plaintiff argues that the Court erred in dismissing his action without first allowing him amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, in order for him to amend his complaint to better state an imminent danger claim.  Doc. 7.  Plaintiff fails to demonstrate that he suffered from imminent danger at the time of the complaint, and amending his complaint to create a different set of facts would not enable Plaintiff to retroactively meet this requirement.  Plaintiff presented no imminent danger claim in his original complaint which argued that Plaintiff was being denied off-site cosmetic dental surgery and argued that Plaintiff was denied marijuana to alleviate his pain.  Doc. 1.  Moreover, Plaintiff's "Exhibit B" demonstrates that he had previously brought the same dental claim and such claim was dismissed with prejudice.  Doc. 7 at 13-15.  Plaintiff simply fails to present any basis to justify reconsideration of this Court's order denying Plaintiff's motion for IFP and dismissing the action without prejudice.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds its order denying Plaintiff's motion for IFP and dismissing the action was supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that: Plaintiff's motion for reconsideration, filed January 24, 2012, is DENIED.

IT IS SO ORDERED.

**Dated:   May 23, 2012**                         /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE